GIFFEN, J.
The errors alleged in this case must be determined by a construction of the written contract, the breach of which was the foundation of the action in the court of common pleas.
The plaintiff’s testate, Lydia A. Drake, agreed to jput the defendants in possession of a certain tract of land with the privilege of subdividing and selling the same. The defendants agreed to improve, develop and sell the same within a period of five years (afterwards extended three years) and to account to Lydia A. Drake at the rate of $1,000 per asre.
After the admissions made by plaintiffs upon ths trial, only one question remained for determination, to-wit:
Did the contract require- the defendants to grade all the streets and avenues laid out by them?
We have carefully examined the contract, and our conclusions are that the defendants were not, by its provisions,required to grade all the streets and avenues laid out by them, but that they bound themselves only to pay for such grading as they ordered and directed to be done, and to hold Lydia A. Drake harmless as to any such expense.
The allegation in the petition that the defendants, “after selling all the best portions thereof, turned, their influence and ttention in another direction,and at the expiration of the contract turned over to plaintiff the very worst portion of the property,” is answered by the contract itself, which provides “that while that part of the property which is most desirable may sell first, the said Boflnger & Hopkins will continue their exertions to sell during the continuance of this contract,” and by the admission upon the trial that defendants used all their kill in selling the property, and that plaintifls claim «imply that defendants did not grade so that the property could be old.
Judgment affirmed.
Judge Swing dissents.